IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: <br> WILLIAM R. PITTS aka BILL PITTS, <br> Debtor <br><br> WILSHIRE CREDIT CORP., as servicer <br> for JPMORGAN CHASE BANK, AS <br> TRUSTEE, their successors and/or assigns, <br> Movant <br><br> vs. <br><br> WILLIAM R. PITTS aka BILL PITTS, <br> Debtor and TIMOTHY TRUMAN, <br> Trustee, <br>     Respondents | § § § § § § § § § § § § § § § | CASE NO. 06-41227-DML-13 <br> CHAPTER 13 <br><br><br> HEARING DATE AND TIME: <br> JUNE 8, 2006 AT 9:30 A.M. |

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY
## <u>REQUESTING ONE (1) YEAR IN REM RELIEF AND 270 DAY BAR LANGUAGE</u>

Comes now **WILSHIRE CREDIT CORP., as servicer for JPMORGAN CHASE BANK, AS TRUSTEE, their successors and/or assigns** to file the attached Affidavit in support of its Motion for Relief from Automatic Stay.

Respectfully Submitted,

By: _____
June A. Mann/ TBA No. 12928400
David L. Rosenberg / TBA No. 17268500
Branch M. Sheppard/ TBA No. 24033057
Mann & Stevens, P.C.
550 Westcott Street, Suite 560
Houston, Texas 77007
(713) 293-3600
(713) 293-3636 (Facsimile)
ATTORNEY FOR MOVANT

MS No. 122769

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the attached Affidavit was served upon the following parties in interest on May 25, 2006, by United States First Class Mail, postage prepaid:

**Debtors' Attorney**
PRO SE

**Debtors**
WILLIAM R. PITTS aka BILL PITTS
10027 HARMON ROAD
SUITE 122
FORT WORTH, TX 76177

**Trustee**
TIMOTHY TRUMAN
6851 N. E. LOOP 820, SUITE 300
FT. WORTH, TX 76180-6608

June A. Mann / David L. Rosenberg / Branch M. Sheppard

MS No. 122769

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br>WILLIAM R. PITTS aka BILL PITTS,<br>    Debtor | § § | |
| WILSHIRE CREDIT CORP., as servicer<br>for JPMORGAN CHASE BANK, AS<br>TRUSTEE, their successors and/or<br>assigns, Movant | § § § § § | CASE NO. 06-41227-DML-13<br>CHAPTER 13 |
| vs. | § § | |
| WILLIAM R. PITTS aka BILL PITTS,<br>Debtor and TIMOTHY TRUMAN,<br>Trustee,<br>    Respondents | § § § | HEARING DATE AND TIME:<br>JUNE 8, 2006 AT 9:30 A.M. |

## AFFIDAVIT IN SUPPORT
## MOTION FOR RELIEF FROM AUTOMATIC STAY
## REQUESTING ONE (1) YEAR IN REM RELIEF AND 270 DAY BAR LANGUAGE

| | |
|---|---|
| THE STATE OF OREGON | § |
| COUNTY OF WASHINGTON | § |

BEFORE ME, the undersigned authority, on this day personally appeared ZAK WASHBURN, who is over the age of eighteen years, is fully qualified and authorized to give this Affidavit and has personal knowledge of the matters addressed herein. After being by me duly sworn on his oath deposed and stated:

1. "My name is ZAK WASHBURN. I am a Bankruptcy Specialist for **WILSHIRE CREDIT CORP., as servicer for JPMORGAN CHASE BANK, AS TRUSTEE, their successors and/or assigns** ("JPMORGAN"). I am the custodian of the bankruptcy books and records for JPMORGAN with regard to WILLIAM R. PITTS aka BILL PITTS's loan with JPMORGAN. In the course of my employment, I have become familiar with the manner and method in which JPMORGAN maintains its books and records in its regular course of business. Those books and

records are managed by employees and agents whose duty is to keep the books and records accurately and completely and to record each event or item at or near the time of the event or item so noted.

2. I have reviewed the books and records which reveal that JPMORGAN is the owner and holder of a Note ("Note") secured by a Deed of Trust of even date and executed by WILLIAM R. PITTS AND NANCY PITTS, HUSBAND AND WIFE on or about NOVEMBER 11, 1985. The Note was assigned by HOME SAVINGS OF AMERICA, F.A. to JPMORGAN CHASE BANK, AS TRUSTEE. The original mortgagors also executed a Deed of Trust in connection with the Note and it was duly recorded. True and correct copies of the loan documents are attached hereto as Exhibit "A" and incorporated herein for all purposes.

3. As of **MAY 16, 2006**, Debtor and CoDebtor were **contractually due for EIGHT (8)** payments and are **currently delinquent for ONE (1) post petition payment at $1,052.19**, plus applicable late charges. As of the date this bankruptcy was filed, the approximate payoff amount owed by Debtor and CoDebtor to Movant was **$56,861.95**. This sum includes principal balance, accrued interest, accrued late charges and escrow advances, but does not include attorneys' fees or related costs.

This is the eleventh filing for bankruptcy relief involving the Property.

- $     The first bankruptcy case was filed by William R. Pitts, the Debtor in this current case, on January 6, 1997, in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 97-40143-MT-13. This bankruptcy was filed to stop a foreclosure sale scheduled for January 7, 1997. An Order Granting Motion to Dismiss Case Without Prejudice was entered on April 15, 1999, and the case was closed on May 13, 1999.

- $     On March 6, 2000, William R. Pitts, the Pro Se Debtor in this current case, filed the second bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 00-41128-MT-13. This bankruptcy was filed to stop a foreclosure sale set for March 7, 2000. An Order Granting Motion to

Dismiss Case by Trustee was entered on June 8, 2000, and the case was closed on October 13, 2000.

$ On March 5, 2001, William R. Pitts, the Pro Se Debtor in this current case, filed the third bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No.01-41514-BJH-13. Again, this bankruptcy was filed to stop a foreclosure sale scheduled for March 6, 2001. An Order Dismissing Case for Failure to Pay Filing Fee in Installments was entered on March 28, 2001. The case was closed on June 5, 2001.

$ On June 4, 2001, Nancy Lynn Pitts, the Pro Se CoDebtor in this current case, filed the
fourth bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 01-44049-BJH-13. Once again, this bankruptcy was filed to stop a foreclosure sale scheduled for June 5, 2001. An Order Dismissing Case Pursuant to General Order 98-4 (No Paperwork) was entered on July 5, 2001, and the case was closed on July 17, 2001.

$ On July 1, 2002, William R. Pitts, the Pro Se Debtor in this current case, filed the fifth bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 02-44767-DML-13. This bankruptcy was filed to stop a foreclosure sale scheduled for July 2, 2002. An Order Dismissing Case Pursuant to General Order 98-4 was entered on August 8, 2002, and the case was closed on August 27, 2002.

$ On January 3, 2003, Nancy Lynn Pitts, the Pro Se CoDebtor in this current case, filed the sixth bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 03-40126-DML-13. This bankruptcy was filed to stop a foreclosure sale set for January 7, 2003. An Order Dismissing Case Pursuant to General Order 98-4 (Insufficient Paperwork) was entered on February 13, 2003. This case was closed on April 2, 2003.

$ On March 28, 2003, William R. Pitts, the Pro Se Debtor in this current case, filed the seventh bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 03-42951-DML-13. Again, this bankruptcy was filed to stop a foreclosure sale scheduled for April 1, 2003. An Order Dismissing Case for Failure to Pay Filing Fee in Installments was entered on June 27, 2003, and the case was closed on July 21, 2003.

$ On March 16, 2004, William R. Pitts, the Pro Se Debtor in this current case, filed the eighth bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 04-42755-BJH-13. An Order Dismissing Case Pursuant to General Order 98-4 (No Paperwork) was entered on April 15, 2004, and the case was closed on April 27, 2004.

$ On July 6, 2004, William R. Pitts, the Pro Se Debtor in this current case, filed the ninth bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 04-46617-RFN-13. Again, this bankruptcy was filed to stop a foreclosure sale scheduled for July 6, 2004. An Order Granting Trustee's Motion to Dismiss Case with Prejudice was entered on December 6, 2004. This bankruptcy case was dismissed on December 17, 2004.

$ On January 31, 2005, Nancy Lynn Pitts, the Pro Se CoDebtor in this current case, filed the tenth bankruptcy case in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, under Case No. 05-41032-DML-13. Once again this bankruptcy was filed to stop a foreclosure sale set for February 1, 2005. An Order Granting Trustee's Motion to Dismiss Case with Prejudice for 180 days was entered on March 22, 2005, and the case was closed on April 8, 2005.

$ On May 1, 2006, Pro Se Debtor filed this current case, which is the eleventh bankruptcy case involving the Property.

4. JPMORGAN has had to retain counsel to represent it before this Court and is incurring legal expenses and attorneys' fees of at least $800.00 for handling the Motion for Relief from Stay for which it is entitled to reimbursement under the terms of the Note.

5. The foregoing facts are of my own personal knowledge and belief, and if called upon to appear as a witness, I could, and would, testify competently thereto. I declare under penalty of perjury that to the best of my knowledge the foregoing facts are true and correct.

By: _____
ZAK WASHBURN
Bankruptcy Specialist

SUBSCRIBED AND SWORN TO BEFORE ME, on May 23, 2006.

My commission expires: 3-4-08

_____
NOTARY PUBLIC

OFFICIAL SEAL
M LOW
NOTARY PUBLIC OREGON
COMMISSION NO. 378106
MY COMMISSION EXPIRES MAR 4, 2008

Missie Low

_____
(Printed Name of Notary Public)

MS No. 122769

# PROMISSORY NOTE – ADJUSTABLE INTEREST RATE

$ 95,000.00    HURST, Texas

1. For value received, I promise to pay to HOME SAVINGS OF AMERICA, F.A., a corporation, or order, at its offices in the City of Pasadena, State of California, or at such other place as the holder of this Note may from time to time designate, the principal sum of NINETY-FIVE THOUSAND AND NO/100

DOLLARS ($ 95,000.00), with interest from the date hereof on the unpaid principal balance at the initial interest rate of NINE AND THREE-QUARTERS percent ( 9.750 %) per annum, principal and interest payable in monthly installments of EIGHT HUNDRED SIXTEEN AND 20/100
Dollars ($ 816.20 ) each, beginning on the 15th day of DECEMBER, 1985 and continuing on the 15th day of each and every month thereafter until NOVEMBER 15, 2015 (the "Due Date"), on which date any unpaid interest and all other sums due under this Note shall be paid in full.

2. I agree that the interest rate on this Note will be adjusted on each Interest Rate Adjustment Date, as defined below, to be equal, following such date until the next Interest Rate Adjustment Date, to the sum of (i) the most recently available monthly weighted average cost of funds of members of the Federal Home Loan Bank of San Francisco, as computed from statistics tabulated and published by the Federal Home Loan Bank of San Francisco (such monthly weighted average cost of funds being hereafter referred to as the "Index"); plus (ii) 2.250 percentage points.

(a) **Interest Rate Adjustments.** Changes in the interest rate on this Note will become effective commencing on MAY 15, 1986, and on the same date each month thereafter, each of which dates is called an "Interest Rate Adjustment Date". No adjustment to the interest rate on any Interest Rate Adjustment Date shall result in an interest rate that is greater than 15.250 % per annum or less than 5.250 % per annum, provided, that following the sale or transfer of the real property described in the Deed of Trust identified below that occurs subsequent to MAY 15, 1986, adjustments to the interest rate on any subsequent Interest Rate Adjustment Date shall not result in an interest rate that is more than 5 percentage points greater or less than the interest rate in effect at the time of such sale or transfer.

(b) **Payment Adjustments.** The monthly payment amount shall be adjusted on DECEMBER 15, 1986 and on the same date each 12th month thereafter, each of which dates is called a "Payment Adjustment Date." If an interest rate change has been made on an Interest Rate Adjustment Date, the amount of the regular monthly principal and interest payments will be adjusted on the next Payment Adjustment Date so as to be sufficient to amortize the remaining principal balance as of the Due Date. Except as provided below, during the 12-month period following the date of this first monthly payment and during each 12-month period thereafter (each of which 12-month periods is called a "Loan Year") no increase or decrease in a monthly payment will be greater than 7½% of (i) the amount of the first regular monthly payment in the case of the first Loan Year, or (ii) the amount of the last regularly scheduled payment of the immediately preceding Loan Year in the case of each Loan Year after the first Loan Year.

(c) **Principal Balance Adjustments.** If any adjustment to the interest rate results in a monthly payment being less than the amount of interest accrued for a month either because of an interest rate adjustment or because of the 7½% limitation on increases or decreases in the monthly payment amount, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is from time to time payable on this Note. Notwithstanding any other provisions of this Note, including the 7½% limitation contained in the preceding subparagraph (b), commencing on DECEMBER 15, 1990, and on the same date every five years thereafter, the amount of the regular monthly principal and interest payments on this Note will be adjusted to be sufficient so as to amortize the remaining principal balance as of the Due Date at the then current rate of interest if such interest were to continue in effect until the Due Date.

(d) **Waiver of Increases.** Interest rate increases on each Interest Rate Adjustment Date are at the holder's option, but if the holder does not invoke a permissible interest rate increase in whole or in part, this will not constitute a waiver of the holder's right later to invoke such an increase, subject to the other provisions of this Note.

(e) **Alternative Index.** If, at any time during the term of this Note, the Index is no longer available or is otherwise unpublished, the holder may select an alternative published index over which the holder has no control, in which case such alternative index will become the Index provided in paragraph 2 of this Note. Holder shall next determine the adjustment to the loan factor provided in paragraph 2 of this Note based upon the value of the substituted Index as of the last preceding Interest Rate Adjustment Date on which the prior Index was available or the date of this Note, whichever occurs later, such that the sum of the substituted Index and the adjusted loan factor equal the sum of the prior Index and the loan factor set forth in paragraph 2 of this Note as of such date. The most recent value of the substituted Index, as announced from time to time, and such adjusted loan factor shall become the Index and the loan factor for purposes of paragraph 2 of this Note.

(f) **Notices.** Notices of any change in the interest rate or amount of the regular monthly installment shall be deemed given by the holder when deposited in the United States mail, postage prepaid, addressed to the maker, or, to the persons shown on the holder's records as transferee at the time of giving notice.

3. Each installment payment received by the holder shall be credited as of its due date, without regard to its date of receipt by the holder, first to interest then due and the remainder to principal, and interest shall cease upon the principal so credited as of the date that such credit is made. For the purposes of allocation of any monthly installment payment as between principal and interest, interest shall consist of the product of the outstanding principal balance on this loan immediately prior to allocation of the monthly installment payment times the then applicable interest rate of this Note divided by twelve. All other interest calculations on this Note shall be made on a daily basis. Daily interest shall consist of the product of the outstanding principal balance on this Note times the annual interest rate divided by the number of calendar days in the year for which the daily interest calculation is made.

4. Should default be made in the payment of any installment when due, or in the performance of any provision or condition contained in the Deed of Trust securing this Note, the whole sum of principal and interest shall become immediately due at the option of the holder and regardless of any prior forebearance.

5. I agree (a) to pay immediately, without demand, to the holder, in the event any installment is not received by the holder within fifteen (15) days after its due date, and without regard to the date as of which such payment is credited, an amount equal to the equivalent of 6% of the installment due that is applicable to the payment of principal and interest, (b) that it would be impractical or extremely difficult to fix the holder's actual damages in the event that any installment shall not be paid when due, and (c) that such amount shall be presumed to be the amount of damages for such late payment. This paragraph and the amount which it provides shall not limit the holder's right, under this Note, the Deed of Trust securing it, or otherwise, to compel prompt performance thereunder.

6. This Note may be prepaid in whole or in part at any time provided, however, any such payment shall be applied first to the interest then due and the remainder to principal and interest shall cease upon the principal so credited as of the date that such credit is made.

7. Principal, interest, and charges are payable in lawful money of the United States.

8. Presentment, demand, notice of dishonor, diligence in collecting, grace, notice (including, notice of intention to accelerate or acceleration) and protest are hereby waived by all makers, sureties, guarantors, endorsers and other parties liable directly or indirectly for the payment hereof. In this Note, the singular shall include the plural and this Note shall be the joint and several obligations of all makers, sureties, guarantors, endorsers and other parties liable directly or indirectly for the payment hereof, and shall be binding upon them and their successors and assigns.

9. This Note is secured by a DEED OF TRUST to MICHAEL D. CASE, as Trustee, which Deed of Trust contains a restriction on transfer clause paragraph 16 of said Deed of Trust which permits the Note holder to declare all sums under this Note to be immediately due and payable if I sell or transfer the security property. The holder shall not exercise its rights to declare all sums due in the event of a sale or transfer of the property, provided that (a) the buyer submits a credit application which is approved by the holder; (b) the buyer executes a written assumption agreement prepared by the holder; (c) the buyer pays the holder an assumption fee equal to one percent of the outstanding principal balance of the loan as of the date of the sale or transfer; and (d) no statute, rule, decision or otherwise, including usury limitations, restricts in any manner holder's right to make interest rate or payment adjustments in accordance with this Note.

_____
WILLIAM R. PITTS

_____
NANCY PITTS

WHEN RECORDED MAIL:
HOME SAVINGS OF AMERICA
P.O. BOX 7075
PASADENA, CALIFORNIA 91109-7075

11.00 D T
20/85

NOTICE: This security instrument secures a Note which contains a provision allowing for changes in the interest rate. Increases in the interest rate will result in higher payments. Decreases in the interest rate will result in lower payments.

THE STATE OF TEXAS } DEED OF TRUST 11-20-85
COUNTY OF TARRANT } ADJUSTABLE INTEREST RATE LOAN

This DEED OF TRUST is made this 11th day of NOVEMBER 1985, between the Grantor
WILLIAM R. PITTS AND NANCY PITTS, HUSBAND AND WIFE

herein called Borrower, whose address is: 3517 MEADOWSIDE DRIVE, BEDFORD, TX. 76021

To MICHAEL D. CASE , Trustee, and HOME SAVINGS OF AMERICA, F.A. herein called Beneficiary.
The Trustee's and Beneficiary's address is P.O. Box 7075, Pasadena, California 91109-7075.

For and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to BORROWER in hand paid by Trustee, the receipt of which is hereby acknowledged, and for the purpose of further securing the indebtedness hereinafter mentioned, BORROWER has granted, bargained, sold and conveyed and by these presents does hereby Grant, Bargain, Sell and Convey unto the said Trustee, and to the Trustee's successors and assigns forever, all that certain lot, tract or parcel of land lying and being situated in the County of TARRANT
State of Texas, fully described as follows:
AS PER LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.



Together with all interest which Borrower now has or may hereafter acquire in or to said property and in and to: (a) all easements and rights of way appurtenant thereto; and (b) all buildings, structures, improvements, fixtures, and appurtenances now or hereafter placed thereon, including, but not limited to, all apparatus and equipment, whether or not physically affixed to the land or any building, used to provide or supply air-cooling, air-conditioning, heat, gas, water, light, power, refrigeration, ventilation, laundry, drying, dishwashing, garbage disposal or other services; and all waste vent systems, antennas, pool equipment, window coverings, drapes and drapery rods, carpeting and floor covering, awnings, ranges, ovens, water heaters and attached cabinets; it being intended and agreed that such items be conclusively deemed to be affixed to and to be part of the real property that is conveyed hereby; and (c) all water and water rights (whether or not appurtenant) and shares of stock pertaining to such water or water rights, ownership of which affects said property; and (d) the rents, income, issues and profits of all property covered by this Deed of Trust, SUBJECT, HOWEVER, to the assignment to Beneficiary of such rents, income, issues and profits, hereinafter set forth. Borrower agrees to execute and deliver, from time to time, such further instruments as may be requested by Beneficiary to confirm the lien of this Deed of Trust on any such equipment. The property conveyed to Trustee hereunder is hereinafter referred to as "such property."

TO HAVE AND TO HOLD such property, together with all and singular, the rights, rents, privileges, tenements, hereditaments and appurtenances now or hereafter, at any time before the foreclosure hereof, in any wise appertaining or belonging, unto the said Trustee and to the Trustee's successors and assigns forever, and the Borrower hereby binds itself, its successors and assigns, to warrant and forever defend, all and singular, the said premises unto the said Trustee, and the Trustee's successors and assigns, in this trust, against the lawful claim or claims of all persons whomsoever.

Borrower warrants that Borrower is lawfully seized of such property and has good and merchantable title to such property, that Borrower has the authority to execute and deliver this Deed of Trust, including the grant of a security interest and assignment of rents contained herein, and to warrant and defend the title against the claims of all persons whomsoever.

In addition to the lien above created, Borrower hereby grants to Beneficiary and its successors and assigns a security interest in (i) each and every part of such property which are fixtures or personal property, (ii) in all proceeds from the sale, lease or other disposition thereof and (iii) all sums, proceeds, funds and reserves collected by Beneficiary pursuant hereto; provided that this grant of a security interest in proceeds shall not be deemed to authorize any action otherwise prohibited herein. Borrower represents and warrants that all such fixtures and personal property are and will be used as raw materials or as equipment in Borrower's business or as goods leased or held for lease by Borrower but no part thereof constitutes inventory held for sale.

If the indebtedness secured hereby is paid and discharged in full in accordance with the terms of this Deed of Trust and the note and other instruments evidencing it, and if Borrower shall well and truly perform all of Borrower's covenants contained herein, then this conveyance shall become null and void and be released at Borrower's request and expense; otherwise, it shall remain in full force and effect, provided that no release hereof shall impair Borrower's warranties and indemnities contained herein.

FOR THE PURPOSE OF SECURING:
(1) Payment of the sum of $ 95,000.00 with interest thereon, according to the terms of a promissory note of even date herewith and having a final maturity date of NOVEMBER 15, 2015 made by Borrower payable to Beneficiary or order, and all modifications, extensions or renewals thereof. (2) Payment of such additional sums with interest thereon (a) as may be hereafter borrowed from Beneficiary by the then record owner of such property and evidenced by a promissory note or notes reciting it or they are so secured and all modifications, extensions or renewals thereof or (b) as may be incurred, paid out, or advanced by Beneficiary or may otherwise be due to Trustee or Beneficiary, under any provision of this Deed of Trust and all modifications, extensions or renewals thereof. (3) Performance of each agreement of Borrower contained herein or incorporated herein by reference or contained in any papers executed by Borrower relating to the loan secured hereby. (4) Performance, if the loan secured hereby or any part thereof is for the purpose of constructing improvements on such property, of each provision or agreement of Borrower contained in any building loan agreement or other agreement between Borrower and Beneficiary relating to such property. (5) The performance and keeping by Borrower of each of the covenants and agreements required to be kept and performed by Borrower pursuant to the terms of any lease and any and all other instruments creating Borrower's interest in or defining Borrower's right in respect to such property. (6) Compliance by Borrower, with each and every monetary provision to be performed by Borrower under any Declaration of Covenants, Conditions and Restrictions pertaining to such property and upon written request of Beneficiary, the enforcement by Borrower of any covenant to pay maintenance or other charges, if the same have not been paid or valid legal steps taken to enforce such payment within 90 days after such written request is made. (7) At Beneficiary's option, payment, with interest thereon, of any other present or future indebtedness or obligation of Borrower (or any successor in interest of Borrower to such property) due to Beneficiary, whether created directly or acquired by absolute or contingent assignment, whether due or not, whether otherwise secured or not, or whether existing at the time of the execution of this Deed of Trust or arising thereafter, the exercise of such option to be evidenced by a notice in writing to Borrower or any successor in interest of Borrower. (8) Performance of all agreements of Borrower to pay fees and charges to the Beneficiary whether or not herein set forth. (9) Payment of charges, as allowed by law when such charges are made, for any statement regarding the obligation secured hereby.

VOL 8376 PAGE 1708

1 of 4
SF-5799-2 (Rev. C - 4/85) ARM - Part 1 (TX)

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, BORROWER AGREES:

(1) **Construction or Improvements.** To complete in good and workmanlike manner any building or improvement or repair relating thereto which may be begun on such property or contemplated by the loan secured hereby, to pay when due all costs and liabilities incurred therefor, and not to permit any mechanic's lien against such property. Borrower also agrees, anything in this Deed of Trust to the contrary notwithstanding, (a) to promptly commence work and to complete the proposed improvements promptly, (b) to complete same in accordance with plans and specifications as approved by Beneficiary, (c) to allow Beneficiary to inspect such property at all times during construction, (d) to replace any work or materials unsatisfactory to Beneficiary, within fifteen (15) days after written notice from Beneficiary of such fact.

(2) **Repair and Maintenance of Property.** To keep such property in good condition and repair, not to substantially alter, remove or demolish any buildings thereon, including any and all fixtures attached to such property; to restore promptly and in good workmanlike manner any buildings which may be damaged or destroyed including, without restricting the generality of the foregoing, damage from termites, and earth movement; to pay when due all claims for labor performed and materials furnished in connection with such property and not to permit any lien or security interest (other than this Deed of Trust) against such property, to comply with all law affecting such property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereon; not to commit, suffer or permit any act upon such property in violation of law; to cultivate, irrigate, fertilize, fumigate and prune; and to do all other acts that from the character or use of such property may be reasonably necessary to keep such property in the same condition (reasonable wear and tear excepted) as at the date of this Deed of Trust.

(3) **Fire and Casualty Insurance.** To provide and maintain in force, at all times, fire and other types of insurance with respect to such property as may be required by Beneficiary. Each policy of such insurance shall be in an amount, for a term and in form and content and by such companies, as may be satisfactory to Beneficiary, with loss payable to Beneficiary, and shall be delivered to, and remain in possession of, Beneficiary as further security for the faithful performance of these trusts. Borrower shall also furnish Beneficiary with written evidence showing payment of all premiums therefor. At least thirty (30) days prior to the expiration of any insurance policy, a policy renewing or extending such expiring insurance shall be delivered to Beneficiary with written evidence showing payment of the premium therefor, and, in the event any such insurance policy and evidence of payment of the premium are not so delivered to Beneficiary, Borrower by executing this Deed of Trust specifically requests Beneficiary to obtain such insurance. Beneficiary, but without obligation so to do, without notice to or demand upon Borrower and without releasing Borrower from any obligation hereof, may obtain such insurance through or from any insurance agency or company acceptable to it, and pay the premium therefor. Neither Trustee nor Beneficiary shall be chargeable with obtaining or maintaining such insurance or for the collection of any insurance monies or for any insolvency of any insurer or insurance underwriter. Beneficiary, from time to time, may furnish to any insurance agency or company, or any other person, any information contained in or extracted from any insurance policy theretofore delivered to Beneficiary pursuant hereto, and any information concerning the loan secured hereby. Borrower hereby assigns to Beneficiary all unearned premiums on any such policy, and agrees that any and all unexpired insurance shall inure to the benefit of, and pass to, the purchaser of the property conveyed at any Trustees's sale held hereunder.

(4) **Life, Health or Accident Insurance.** If Borrower shall maintain life, accident or health insurance and Beneficiary shall be the owner or holder of any policy of such insurance as further security hereunder. Beneficiary may elect to pay any premiums thereon as to which Borrower shall be in default, and any amount so paid may be secured hereby.

(5) **Taxes and Other Sums Due.** To pay, satisfy and discharge (a) at least ten (10) days before delinquency, all general and special City, County and State Taxes, School Taxes, and all assessments affecting such property, (b) when due, all special assessments for public improvements, and any improvement bond issued for any special assessment, (c) on demand of Beneficiary but in no event later than the date such amounts become due, (1) all encumbrances, charges and liens, with interest, on such property, or any part thereof, which are, or appear to Beneficiary to be prior to or superior hereto, (2) all costs, fees and expenses of this trust whether or not described herein, (3) fees or charges for any statement regarding the obligation secured hereby in any amount demanded by Beneficiary not to exceed the maximum amount allowed by law therefor at the time when such request is made, (4) such other charges as the Beneficiary may deem reasonable for services rendered by Beneficiary and furnished at the request of Borrower or any successor in interest to Borrower, (5) if such property includes a leasehold estate, all payments and obligations required of the Borrower or his successor in interest under the terms of the instrument or instruments creating such leasehold, and (6) all payments and monetary obligations required of the owner of such property under any declaration of covenants or conditions or restrictions pertaining to such property or any modification thereof. Should Borrower fail to make any such payment, Beneficiary without contesting the validity or amount may elect to make or advance such payment together with any costs, expenses, fees, or charges relating thereto. Borrower agrees to notify Beneficiary immediately upon receipt by Borrower of notice of any increase in the assessed value of such property and agrees that Beneficiary, in the name of Borrower, may contest by appropriate proceedings such increase in assessment. Borrower agrees to notify Beneficiary and appropriate taxing authorities immediately upon the happening of any event which does or may affect the value of such property, the amount or basis of such property, or the availability of any exemption to which Borrower is or may be entitled.

In the event of the passage of any law deducting from the value of real property for the purposes of taxation any lien thereon, or changing in any way the laws for the taxation of deeds of trust or debts secured by deeds of trust for state or local purposes, or the manner of the collection of any such taxes, including, but not limited to, the postponement of the payment of all or any part of any real or personal property taxes, so as to affect this Deed of Trust, the holder of this Deed of Trust and of the obligations which it secures shall have the right to declare the principal sum and the interest due on a date to be specified by not less than 30 days' written notice to be given to Borrower by Beneficiary; provided, however, that such election shall be ineffective if Borrower is permitted by law to pay the whole of such tax in addition to all other payments required hereunder and if, prior to such specified date, does pay such tax and agrees to pay any such tax when hereafter levied or assessed against such property, and such agreement shall constitute a modification of this Deed of Trust.

(6) **Impounds.** To pay to Beneficiary, if Beneficiary shall so request, in addition to any other payments required hereunder, monthly advance installments, as estimated by Beneficiary, for taxes, assessments, insurance premiums, ground rents or other obligations secured by this Deed of Trust (hereinafter in this paragraph referred to as "such obligations") for the purpose of establishing a fund to insure payment when due, or before delinquency, of any or all of such obligations required to be paid as to such property. If the amounts paid to Beneficiary under the provisions of the paragraph are insufficient to discharge the obligations of Borrower to pay such obligations as the same become due or delinquent, Borrower shall pay to Beneficiary, upon its demand, such additional sums necessary to discharge Borrower's obligation to pay such obligations. All monies paid to Beneficiary under this paragraph may be intermingled with other monies of Beneficiary and shall not bear interest, except as required by law. Beneficiary may pay such obligations whether before or after they become due and payable. In the event of a default in the payment of any monies due on the indebtedness secured hereby, default of any obligation secured hereby, or default in the performance of any of the covenants and obligations of this Deed of Trust, then any balance remaining from monies paid Beneficiary under the provisions of this paragraph may, at the option of the Beneficiary, be applied to the payment of principal, interest or other obligations secured hereby in lieu of being applied to any of the purposes for which the impound account is established. Beneficiary will make such reports of impounds as are required by law.

(7) **Assignment of Awards and Damages to Beneficiary.** All sums due, paid or payable to Borrower or any successor in interest to Borrower of such property whether by way of judgment, settlement or otherwise (a) for injury or damage to such property, or (b) in connection with the transaction financed by the loan secured hereby, or (c) in connection with any condemnation for public use of or injury to such property, or any part thereof, is hereby assigned and shall be paid to Beneficiary. Beneficiary shall be entitled, at its option, to commence, intervene in, appear in and prosecute in its own name, any action or proceeding, or to make any compromise or settlement, in connection with any such taking or damage. Borrower agrees to execute such further assignments of any compensation, award, damages, rights of action and proceeds as Beneficiary may require.

(8) **Disposition of the Proceeds of any Insurance Policy, Condemnation or other Recovery.** The amount received by Beneficiary pursuant to this Deed of Trust under any fire or other insurance policy, in connection with any condemnation for public use of or injury to such property, for injury or damage to such property, or in connection with the transaction financed by the loan secured hereby, at the option of Beneficiary may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine or, without reducing the indebtedness secured hereby, may be used to replace, restore, or reconstruct such property to a condition satisfactory to Beneficiary or may be released to Borrower, or any such amount may be divided in any manner among any such application, use or release. No such application, use or release shall cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(9) **Litigation.** Borrower shall defend this Trust in any action or proceeding purporting to affect such property whether or not it affects the security hereof, or purporting to affect the rights or powers of Beneficiary or Borrower and to file and prosecute all necessary claims and actions to prevent or recover for any damage to or destruction of such property; and either Trustee or Beneficiary is hereby authorized, without obligation so to do, to commence, appear in, or defend any such action, whether brought by or against Borrower, Beneficiary or Trustee, or with or without suit, to exercise or enforce any other right, remedy, or power available or conferred hereunder, whether or not judgment be entered in any action or proceeding; and Trustee or Beneficiary may appear or intervene in any action or proceeding, and retain counsel therein, and take such action therein, as either may be advised, and may settle, compromise or pay the same or any other claims and, in that behalf and for any of said purposes, may expend and advance such sums of money as either may deem necessary. Whether or not Borrower so appears or defends, Borrower on demand shall pay all costs and expenses of Beneficiary and Trustee including costs of evidence of title, in any such action or proceeding in which Beneficiary or Trustee may appear by virtue of being made a party defendant or otherwise and irrespective of whether the interest of Beneficiary or Trustee in such property is directly questioned by such action, including, but not limited to, any action for the condemnation or partition of such property and any suit brought by Beneficiary to foreclose this Deed of Trust.

(10) **Loan on Leasehold Estate.** If such property includes a leasehold estate, Borrower agrees to comply with all of the terms, conditions, and provisions of the instrument or instruments creating such leasehold. Borrower also agrees not to amend, change, or modify his leasehold interest, or the terms on which he has such leasehold interest, or to agree to do so, without the written consent of Beneficiary being first obtained.

(11) **Prepayment Charge.** Should any note or obligation secured hereby provide any fee for prepayment of any of the indebtedness secured hereby, to pay said fee notwithstanding, Borrower shall have defaulted in any obligation secured hereby and Beneficiary, by reason thereof, shall have declared all sums secured hereby immediately due and payable.

(12) **Failure of Borrower to Comply with Deed of Trust.** Should Borrower fail to make any payment, or to do any act as provided in this Deed of Trust, or fail to perform any obligation secured by this Deed of Trust, or do any act Borrower agreed not to do, Borrower shall be in default under this Deed of Trust. Beneficiary, but without obligation so to do and without notice to or demand upon Borrower and without releasing Borrower from any obligation hereof, and without contesting the validity or amount of the same, may (a) make or do the same in such manner and to such extent as it may deem necessary to protect the security hereof, Beneficiary being authorized to enter upon such property for such purposes, and (b) pay, purchase, contest or compromise any encumbrance, charge, or lien, which in its judgment is or appears to be prior or superior hereto, and (c) in exercising any such power pay necessary expenses. Borrower agrees to repay any amount so expended on demand of Beneficiary.

(13) **Sums Advanced to Bear Interest and To Be Added to Deed of Trust.** To pay immediately upon demand any sums advanced or paid by Beneficiary or Trustee under any clause or provision of this Deed of Trust. Any such sum, until so repaid, shall be secured herein and bear interest from the date it was advanced or paid at the same rate as such indebtedness and shall be secured by this Deed of Trust.

(14) **Application of Funds.** Beneficiary shall have the right at its sole discretion to direct the manner in which payments or proceeds shall be applied upon or allocated among the various items composing Borrower's indebtedness or obligations secured hereby. Borrower hereby waives all rights of marshalling in the event of foreclosure of the liens and security interests hereby created.

(15) **Obligation of Borrower Joint and Several.** If more than one person is named as Borrower, each obligation of Borrower shall be the joint and several obligation of each such person.

(16) **Restriction on Transfer.** Without the prior written consent of Beneficiary, not to (a) sell, convey or alienate such property or any part thereof; or suffer Borrower's title or any interest therein to be divested, whether voluntarily or involuntarily, or lease such property or any part thereof for a term of three (3) years or more, or change or permit to be changed the character or use of such property, or drill or extract or enter into a lease for the drilling for or extracting oil, gas or other hydrocarbon substance or any mineral of any kind or character on such property, (b) assign or transfer the interest of a general partner of Borrower, if Borrower is a partnership, or (c) sell, transfer or assign more than 25% of the corporate stock of Borrower during a twelve (12) month period, if Borrower is a corporation, or (d) change the beneficial interest with respect to more than 25% of such property, if Borrower is a trust. In considering whether to consent to any of the sales or conveyances referred to in subparagraph (a) hereof, Beneficiary has the right to require that the credit of the party to whom such property is to be sold, transferred or conveyed be satisfactory to Beneficiary; provided, that, nothing herein is intended to, nor does it, require the Beneficiary to consent to any of the actions prohibited by subparagraph (a) hereof.

VOL 8376 PAGE 1709

(17) **No Waiver by Beneficiary.** No waiver by Beneficiary of any right under this Deed of Trust shall be effective unless in writing. Waiver by Beneficiary of any right granted to Beneficiary under this Deed of Trust or of any provision of this Deed of Trust as to any transaction or occurrence shall not be deemed a waiver as to any future transaction or occurrence. By accepting payment of any sum secured hereby after its due date or by making any payment or performing any act on behalf of Borrower that Borrower was obligated hereunder, but failed, to make or perform, or by adding any payment so made by Beneficiary to the indebtedness secured hereby, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to require prompt performance of all other acts required hereunder, or to declare a default for failure so to pay.

(18) **Modification in Writing.** This Deed of Trust cannot be changed or modified except as otherwise provided in this Deed of Trust or by agreement in writing signed by Borrower, or any successor in interest to Borrower, and Beneficiary.

(19) **Right to Collect and Receive Rents and Profits.** Notwithstanding any other provisions hereof, Beneficiary and Trustee hereby grant permission to Borrower to collect and retain the rents, income, issues and profits of such property as they become due and payable, but each reserves the right to revoke such permission as to itself at any time with or without cause by notice in writing to Borrower, mailed to Borrower at his last known address. In any event, such permission to Borrower automatically shall be revoked upon default by Borrower in payment of any indebtedness secured hereby or in the performance of any agreement hereunder. On any such default, Beneficiary may at any time without notice, either in person, by agent, or by receiver to be appointed by the Court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of such property, or any part thereof; make, cancel, enforce or modify leases; obtain and eject tenants, set or modify rents; in its own name sue for or otherwise collect the rents, income, issues and profits thereof, including those past due and unpaid; and apply the same, less costs and expenses of operation and collection, upon any indebtedness secured hereby and in such order as Beneficiary may determine; and except for such application, Beneficiary shall not be liable to any person for the collection or non-collection of any rents, income, issues or profits, nor the failure to assert or enforce any of the foregoing rights. The entering upon and taking possession of such property, the collection of such rents, income, issues or profits, the doing of other acts herein authorized, and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(20) **Exclusivity of Remedies.** No remedy herein provided shall be exclusive of any other remedy herein or now or hereafter existing by law, but shall be cumulative. Every power or remedy hereby given to Trustee or to Beneficiary or to which either of them may be otherwise entitled, may be exercised from time to time and as often as may be deemed expedient by them, and either of them may pursue inconsistent remedies. If Beneficiary holds any additional security for any obligation secured hereby, it may enforce the sale thereof at its option, either before, contemporaneously with, or after the sale is made hereunder, and on any default of Borrower, Beneficiary may, at its option, offset against any indebtedness owing by it to Borrower, the whole or any part of the indebtedness owing by it to Borrower, the whole or any part of the indebtedness secured hereby, and the Beneficiary is hereby authorized and empowered at its option, without any obligation so to do, and without affecting the obligations hereof, to apply toward the payment of any indebtedness secured hereby and of the Borrower to the Beneficiary, any and all sums or money which the Beneficiary may have in its possession or under its control, including without limiting the generality of the foregoing, the indebtedness evidenced by any escrow or trust funds.

In order to assure the definiteness and certainty of the rights and obligations herein provided, Borrower waives any and all rights of offset of claims and no offset shall relieve Borrower from paying installments on the obligations secured hereby as they become due.

(21) **Actions of Trustee or Beneficiary not Affecting Indebtedness or Liens.** Without affecting the liability of any person, including Borrower, for the payment of any indebtedness secured hereby or the lien of this Deed of Trust upon any remainder of such property for the full amount of any indebtedness then or thereafter secured hereby, or the rights or powers of the Beneficiary or the Trustee with respect to the remainder of such property (other than any person or property specifically released by Beneficiary), Beneficiary or Trustee, if so requested by Beneficiary, from time to time, without liability therefor, and without notice to Borrower, upon written request of Beneficiary and presentation of this Deed of Trust and any note or other agreement secured hereby for endorsement, together with payment for any fees of Trustee therefor, may do any one or more of the following: (a) release any indebtedness; (b) extend the time or otherwise alter the terms of payment of such indebtedness; (c) accept additional security; (d) substitute or release any property securing such indebtedness; (e) consent to the making of any map or plat thereof; (f) join in granting any easement thereon; or (g) join in any extension agreement or any agreement subordinating or otherwise affecting the lien or charge hereof.

(22) **Remedies Upon Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, or any agreement secured hereby, Beneficiary may, at its option, do any one or more of the following: (a) Without notice, demand or presentment, which are hereby waived by Borrower, declare the entire unpaid balance of principal of the indebtedness secured hereby, and all accrued interest thereon, immediately due and payable. (b) In addition to any and every other remedy, request the Trustee to proceed with foreclosure, and in such event Trustee is hereby authorized and empowered, and it shall be Trustee's special duty, upon such request of the Beneficiary, to sell such property, as a whole or in lots or parcels as Trustee may deem proper, to the highest bidder or bidders for cash, at the courthouse door of the county wherein that portion of such property that is realty ("Mortgaged Realty") then subject to the lien hereof is situated, provided that if the Mortgage Realty be situated in more than one county such sale may be made in any county in the State of Texas wherein any part of the Mortgaged Realty then subject to the lien is situated. Any such sale shall be made at public outcry, between the hours of ten o'clock a.m. and four o'clock p.m. on the first Tuesday in any month, after having given notice of such sale by (i) posting, or causing to be posted, written or printed notice at the courthouse door of the county, or if the Mortgaged Realty is located in more than one county, then at the courthouse door in each of the counties, wherein such property, or any part thereof, then subject to the lien hereof is situated and all of such notices shall designate the county where said property will be sold, all of such notices to be posted for at least twenty-one (21) days prior to the day of sale, and by (ii) mailing, or causing to be mailed, written notice of the proposed sale to each debtor obligated to pay the indebtedness secured hereby according to the records of the Beneficiary, by certified mail, return receipt requested, at least twenty-one (21) days preceding the date therein stated for the sale of such property, service of such notice being completed upon the deposit of the notice enclosed in a postpaid wrapper in a post office or official depository under the care and custody of the United States Postal Service, properly addressed to such debtor at the most recent address of such debtor as shown by the records of the Beneficiary, and after such sale to make to the purchaser or purchasers thereunder good and sufficient deeds and assignments, in the name of Borrower, conveying said property so sold to the purchaser or purchasers with general warranty of title by Borrower. An affidavit of any person having knowledge of the fact that service of a notice required hereby was completed shall be prima facie evidence of the fact of service. Sale of a part of such property shall not exhaust the power of sale, but sales may be made from time to time until all of such property be sold or the indebtedness secured hereby be paid in full. (c) Take any action to which Beneficiary is entitled under the uniform commercial code of the State of Texas (the "Code"). (d) Surrender the insurance policies maintained pursuant to this Deed of Trust, or any part thereof, and receive and apply the unearned premiums as a credit on the indebtedness secured hereby, and, in connection therewith, Borrower hereby appoints Beneficiary as the agent and attorney-in-fact for Borrower to collect such premiums. Beneficiary shall have no obligation to keep any insurance in force with respect to such property or any part thereof. (e) Retain any or all of such property which is fixtures or personalty in satisfaction of the indebtedness secured hereby whenever the circumstances are such that Beneficiary is entitled to do so under the Code. (f) Apply the reserves or impounds, if any, required by this Deed of Trust, toward payment of the indebtedness secured hereby. (g) Proceed or direct the Trustee to proceed by suit or suits, at law or in equity, to enforce the payment of the indebtedness secured hereby in accordance with the terms hereof and of the notes evidencing it, to foreclose the lien and this Deed of Trust and security agreement as against all or any portion of such property and to have said property sold under the judgment or decrees of a court of competent jurisdiction. On or at any time after the filing of judicial proceedings to protect or enforce the rights of the Beneficiary, the Beneficiary, as a matter of right and without regard to the sufficiency of the security and without any showing of insolvency, fraud, or mismanagement on the part of the Borrower, shall be entitled to the appointment of a receiver or receivers for such property, and of the income, rents, issues and profits thereof.

In addition, Borrower understands and agrees that (a) Beneficiary may buy such property, or any part thereof, at any public or judicial sale. (b) If Beneficiary is the purchaser of such property, or any part thereof, at any sale thereof, whether such sale be under the powers of sale hereinabove vested in Trustee, or upon any other foreclosure of the liens and security interests hereof, or otherwise, Beneficiary shall, upon any such purchase, acquire good title to such property so purchased, free of the liens and security interests of these presents. (c) Should any part of such property come into the possession of Beneficiary, whether before or after default, Beneficiary may use or operate such property (i) for the purpose of preserving it or its value, (ii) in accordance with any other rights held by Beneficiary in respect of such property, or (iii) pursuant to the order of a court of appropriate jurisdiction. Borrower covenants to promptly reimburse and pay to Beneficiary, at the place where the note evidencing the indebtedness secured hereby is payable, or at such other place as may be designated by Beneficiary in writing, the amount of all reasonable expenses (including the cost of any insurance, taxes or other charges) incurred by Beneficiary in connection with its custody, preservation, use or operation of such property, together with interest thereon from the date incurred by Beneficiary until repaid by Borrower at the highest rate per annum permitted by law, and all such expenses, costs, taxes, interest and other charges shall be a part of the indebtedness secured hereby. It is agreed, however, that the risk of accidental loss or damage to such property is on Borrower, and Beneficiary shall have no liability whatever for decline in value of such property, or for failure to obtain or maintain insurance, or for failure to determine whether any insurance ever in force is adequate as to amount or as to the risks insured. (d) In case the liens or security interests hereof shall be foreclosed by Trustee's sale, or by other judicial or non-judicial action, the purchaser at any such sale shall receive, as an incident to his ownership, immediate possession of the property purchased, and if Borrower or Borrower's successors shall hold possession of said property, or any part thereof, subsequent to foreclosure, Borrower and Borrower's successors shall be considered as tenants at sufferance of the purchaser at foreclosure sale, and anyone occupying the property after demand made for possession thereof shall be guilty of forcible detainer and shall be subject to eviction and removal, forcible or otherwise, with or without process of law, and all damages by reason thereof are hereby expressly waived. (e) The proceeds from any sale, lease or other disposition made pursuant to this paragraph 22 or the proceeds from surrendering any insurance policies pursuant to subsection (d) in the preceding paragraph, or the reserves required by this Deed of Trust, or sums received from any condemnation of such property, or proceeds from insurance which Beneficiary elects to apply to the indebtedness secured hereby pursuant to this Deed of Trust, shall be applied by Trustee, or by Beneficiary, as the case may be, as follows: First, to the payment of all expenses of advertising, selling and conveying such property, or part thereof, including a reasonable commission to Trustee or any other person permitted by law to conduct such sale not to exceed five percent (5%) of the proceeds of the sale, and reasonable attorney's fees; second, to accrued interest on the indebtedness secured hereby; third, to principal on the matured portion of the indebtedness secured hereby; fourth, to prepayment of the unmatured portion, if any, of the indebtedness secured hereby applied to installments of principal in inverse order of maturity; and fifth, the balance, if any, remaining after the full and final payment and performance of the indebtedness secured hereby, to Borrower or Borrower's assigns. (f) In the event a foreclosure hereunder should be commenced by Trustee in accordance with subsection (b) in the preceding paragraph of this paragraph 22, Beneficiary may at any time before the sale direct Trustee to abandon the sale, and may then institute suit for the collection of the note evidencing the indebtedness secured hereby, and for the foreclosure of the liens and security interests hereof. If Beneficiary should institute a suit for the collection of its note, and for a foreclosure of the liens and security interests hereof, it may at any time before the entry of a final judgment in said suit dismiss the same, and require Trustee to sell such property, or any part thereof, in accordance with the provisions of this Deed of Trust. (g) It is agreed that in any deed or deeds given by the Trustee or any substitute Trustee duly appointed hereunder, any and all statements of fact or other recitals therein made as to the identity of the Beneficiary of the indebtedness secured hereby or as to the occurrence or existence of any default, or as to the acceleration of the maturity of the indebtedness secured hereby, or as to the request to sell, notice of sale, time, place, terms, and manner of sale, and receipt, distribution and application of the money realized therefrom, or as to the due and proper appointment of a substitute Trustee, and without being limited by the foregoing, as to any other act or thing having been duly done by the Beneficiary, or any of them if there be more than one, or by the Trustee or any substitute Trustee, shall be accepted by all courts of law and equity as prima facie evidence that the said statements or recitals are correct and are without further question to be so accepted, and Trustor does hereby ratify and confirm any and all acts that the Trustee, or any substitute Trustee, may lawfully do in the premises by virtue hereof.

(23) **Financing Statement.** This Deed of Trust shall constitute a financing statement and Beneficiary shall have the right at any time to file this Deed of Trust as a financing statement, but the failure of Beneficiary to do so shall not impair the validity and enforceability of this Deed of Trust in any respect whatsoever. Unless otherwise stated herein or in an instrument filed or recorded subsequent to the filing of this Deed of Trust, the address of the Beneficiary from which information may be obtained concerning the liens and security interests herein granted is the address set forth herein for Beneficiary.

(24) **Substitution of Trustee.** In the event of the death of the Trustee, or his removal from the county of his residence named above, or his failure, refusal or inability, for any reason, to make any such sale or to perform any of the trusts herein declared, or at the option of the Beneficiary, without cause, then the Beneficiary may appoint, in writing, a substitute Trustee, who shall thereupon succeed to all the estate, rights, powers and trusts herein granted to and vested in the Trustee. If the Beneficiary is a corporation, such appointment may be made on behalf of such Beneficiary by any person who is then a vice-president, secretary, or other designated officer of the Beneficiary. In the event of the death of any such substitute Trustee, or his failure, refusal or inability to make any such sale or perform such trusts, successive substitute Trustees may thereafter, from time to time, be appointed in the same manner.

(25) **Waiver of Statute of Limitations.** Time is of the essence in all Borrower's obligations hereunder; and to the extent permitted by law, Borrower waives all present or future statutes of limitation with respect to any debt, demand or obligation secured hereunder in any action or proceeding for the purpose of enforcing this Deed of Trust or any rights or remedies hereunder.

(26) **Inspection and Business Records.** Beneficiary at any time during the continuation of this Deed of Trust may enter and inspect such property at any reasonable time. Borrower agrees that in the event that such property is now or hereafter used for commercial or residential income purposes, that when requested by Beneficiary, Borrower will promptly deliver to Beneficiary such certified financial statements and profit and loss statements of such types and at such intervals as may be required by Beneficiary which will be in form and content prepared according to the usual and acceptable accounting principles and practices, which statements shall cover the financial operations relating to such property, and Borrower further agrees when requested by Beneficiary to promptly deliver, in writing such further additional information as required by Beneficiary relating to any such financial statements.

(27) **Governing Law and Severability.** The loan secured by this Deed of Trust is made pursuant to, and shall be construed and governed by, the laws of the United States and the rules and regulations promulgated thereunder, including the federal laws, rules and regulations for federal savings and loan associations. If any paragraph, clause or provision of this Deed of Trust or the note or any other notes or obligations secured by this Deed of Trust is construed or interpreted by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those paragraphs, clauses or provisions so construed or interpreted and shall not affect the remaining paragraphs, clauses and provisions of this Deed of Trust or the note or other notes or obligations secured by this Deed of Trust.

(28) **Injury to Property.** All causes of action of Borrower, whether accrued before or after the date of this Deed of Trust, for damage or injury to the property described in this Deed of Trust or any part thereof, or in connection with the transaction financed in whole or in part by the funds loaned to Borrower by Beneficiary, or in connection with or affecting said property or any part thereof, including causes of action arising in tort or contract and causes of action for fraud or concealment of a material fact, are, at Beneficiary's option, assigned to Beneficiary, and the proceeds thereof shall be paid to Beneficiary who, after deducting therefrom all its expenses, including reasonable attorney's fees, may apply such proceeds to the sums secured by this Deed of Trust or to any deficiency under this Deed of Trust or may release any so received by it or any part thereof, as Beneficiary may elect. Beneficiary may at its option appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute any further assignments and other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Beneficiary shall request.

(29) **Offsets.** No indebtedness secured by this Deed of Trust shall be deemed to have been offset or to be offset or compensated by all or part of any claim, cause of action, counterclaim or part of any claim, cause of action, counterclaim or crossclaim, whether liquidated or unliquidated, which Borrower now or hereafter may have or may claim to have against Beneficiary; and, in respect to the indebtedness now or hereafter secured hereby, Borrower waives, to the fullest extent permitted by law, the benefits of any applicable law, regulations or procedure which substantially provides that, where cross-demands for money have existed between persons at any point in time when neither demand was barred by the applicable statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in his answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting his claim would at the time of filing his answer be barred by the applicable statute of limitations.

(30) **Misrepresentation or Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Beneficiary to make the loan evidenced by the note or notes which this Deed of Trust secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Beneficiary, at its option and without prior notice, shall have the right to declare the indebtedness secured by this Deed of Trust, irrespective of the maturity date specified in the note or notes, immediately due and payable. Trustee, upon presentation to it of an affidavit signed by Beneficiary setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

(31) **Notice to Borrower.** Any notice to the Borrower provided for in the note or Deed of Trust shall be deemed given when it is deposited in the United States mail, postage prepaid, addressed to the Borrower at the address of the Borrower at the address of the Borrower as it appears in Beneficiary's records pertaining to the loan evidenced by the note at the time notice is given.

(32) **General Provisions.** (a) This Deed of Trust applies to, inures to the benefit of, and binds, all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. (b) The term "Beneficiary" shall mean the owner and holder (including a pledgee) of any note secured hereby, whether or not named as Beneficiary herein. (c) Whenever the context so requires, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa. (d) Captions and paragraph headings used herein are for convenience only, are not a part of this agreement and shall not be used in construing it.

_William R. Pitts_
WILLIAM R. PITTS        Borrower

_Nancy Pitts_
NANCY PITTS             Borrower

_____ Borrower    _____ Borrower

STATE OF TEXAS
COUNTY OF TARRANT
This instrument was acknowledged before me on **November 15, 1985** (DATE)
by WILLIAM R. PITTS AND NANCY PITTS

(Signature of Notary)
In and for the State of Texas
My Commission Expires: 5/2/88

COUNTY OF TARRANT
STATE OF TEXAS
I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and Page of the Named Records of Tarrant County, Texas, as stamped hereon by me.

NOV 20 1985

_Madrin Huffman_
COUNTY CLERK
TARRANT COUNTY, TEXAS

FILED
'85 NOV 20 A8:57
TARRANT CTY TEX
MADRIN(?)

STATE OF TEXAS
COUNTY OF
This instrument was acknowledged before me on
by

a _____ corporation, on behalf of said corporation.

BY _____

(Signature of Notary)
In and for the State of Texas

My Commission Expires:

FILED
'85 NOV 20 A9:02
TARRANT CO. TEXAS
MADRIN(?)

WHEN RECORDED MAIL TO:
HOME SAVINGS OF AMERICA
P.O. BOX 7075
PASADENA, CALIFORNIA 91109-7075

Lot 45, Block 2, GLENBROOK ADDITION, an Addition to the City of Bedford, Tarrant County, Texas, according to plat recorded in Volume 388-162, Page 85, Plat Records, Tarrant County, Texas.

SAVE & EXCEPT that portion of subject property heretofore conveyed to Glenbrook Corporation under Warranty Deed dated June 15, 1984, recorded in Volume 7871, Page 1835, Tarrant County Records, Tarrant County, Texas, more particularly described by metes and bounds as follows:
BEGINNING at a steel rod at the Northeast corner of said Lot 45, said point also being in the intersection of the Westerly right-of-way line of Meadowpark Drive (60.0 foot right-of-way) and in the Southerly right-of-way line of Cummings Road (a 60.0 foot public right-of-way);
THENCE South 01 degrees 17 minutes 29 seconds East along the Westerly right-of-way line of said Meadowpark Drive, 25.0 feet to a point;
THENCE North 46 degrees 33 minutes 51 seconds West, 35.19 feet to a point in the Southerly right-of-way line of said Cummings Road;
THENCE North 88 degrees 09 minutes 48 seconds East along said Cummings Road right-of-way line 25.0 feet to the Place of Beginning.

FILED
TARRANT COUNTY TEXAS
'85 NOV 20 A8:57
MADRINE ...
COUNTY CLERK
BY

VOL 8376 PAGE 1710